Juliana Schroeder v. Commissioner.
Schroeder v. Commissioner
Docket Nos. 21813, 26269.
United States Tax Court
1952 Tax Ct. Memo LEXIS 358; 11 T.C.M. (CCH) 8; T.C.M. (RIA) 52000; January 7, 1952
*358 Petitioner's husband was sole proprietor of a lumber business. He died in 1936 leaving a 51 per cent interest to petitioner and a 49 per cent interest to their son, Edgar, and designating Edgar as manager at a fixed salary. The business was thereafter carried on as a partnership. By later agreement between petitioner and Edgar this salary was increased. Petitioner by deed transferred to Edgar's wife, Nell, as trustee, for the benefit of the children of Edgar and Nell, an 11 per cent interest in the business, petitioner retaining a 40 per cent interest. Held: Income from the 11 per cent interest owned by the trust is not taxable to petitioner. Thomas J. Stovall, Esq., for the petitioner. D. Louis Bergeron, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined deficiencies in income tax for the calendar years 1944, 1945, and 1946 in the respective amounts of $4,183.54; $2,439.05; and $959. The sole issue is whether amounts of income attributable to an interest in a business which interest petitioner had transferred to a trust are taxable to petitioner. The facts contained in the partial stipulation *359 of facts are found accordingly. Petitioner filed returns for the taxable years with the collector of internal revenue at Houston, Texas. Findings of Fact Petitioner was born about 1876 in Europe. She has had little experience in business. During the taxable years she was a resident of Houston, Texas. Petitioner's husband, Alexander Schroeder, from about 1925, was sole proprietor of a business in Houston operating as Alexander Schroeder Hardwood Lumber Company. His son, Edgar S. Schroeder, assisted him in the business. Alexander died in 1936. By the terms of his will he passed 51 per cent of the business property to petitioner and 49 per cent to Edgar, directed that Edgar be manager of the business at a salary not to exceed $250 per month, and burdened the business with charges of $125 per month to petitioner as long as she lived, $50 per month to their daughter, Diana, for life, and $25 per month to their married daughter, Helena, to aggregate $1,000. He directed in the will that only 25 per cent of petitioner's share of earnings be paid her, the remainder to be continued in the business as a reserve fund. Petitioner's son, Edgar, was born about 1904. From 1936 he has managed *360 the business. Petitioner has not advised or counseled him with respect to the management. By agreement between petitioner and Edgar, the latter's salary was increased. During the taxable years his salary was $8,500 per year. As of July 1, 1946 the business was transferred to a corporation. Nell Schroeder is the wife of Edgar. She was employed in the business from about 1929 as secretary to Alexander Schroeder, and continued to be employed in the business after 1936. By a former marriage she has a daughter, Mozelle Perkins, born about 1927. Edgar and Nell have a son, Alexander, born about 1932. Under date of December 29, 1943, petitioner by an instrument in writing made a gift of a part of her interest in the business. The instrument recited, in part. "WHEREAS, the said Juliana Schroeder, the beneficiary of the said 51% interest, wishes now to make a gift of eleven per cent (11%) of said 51% of her interest in said business unto her two (2) grandchildren, Alexander Schroeder and Mozelle Perkins Schroeder, children of Ed. S. Schroeder and his wife, Nell Schroeder, but she does not wish to give the said 11% interest direct unto said grandchildren because they are minors, but instead *361 wishes to give and convey, assign and transfer the same unto their mother, Mrs. Nell Schroeder, solely in trust for the use and benefit of said two minor children, Alexander Schroeder, to whom is given a two-thirds (2/3) interest, and unto Mozelle Perkins Schroeder, to whom is given a one-third (1/3) interest in said 11% interest. "NOW, THEREFORE, Know all men by these presents, that I, Mrs. Juliana Schroeder, a widow, of Houston, Harris County, Texas, for and in consideration of the love and affection which I bear toward my said grandchildren, Alexander Schroeder and Mozelle Perkins Schroeder, and to effectuate my desires, as aforesaid, do hereby give, transfer, sell, assign, deliver and set over unto the said Mrs. Nell Schroeder as trustee for the said Alexander Schroeder and Mozelle Perkins Schroeder in the interest, as aforesaid, a full and complete 11% interest in and to all of the business of the said Alexander Schroeder Hardwood Lumber Company which was so vested in me by the terms of said will, as aforesaid, and which is now so vested in me and which I now own, in and to said 51% of said business, hereby vesting in said trustee the full and complete title thereto. "The *362 said trustee, Mrs. Nell Schroeder, is given authority and power to sell and convey, assign, transfer, and deliver any and all of the said trust estates herein conveyed or transferred, upon such terms and conditions as to such trustee may seem fit and proper. Said trustee is also granted all power and authority to make all contracts of any kind or character for the management, control or operation of said properties or any part thereof, and to sell, assign, transfer, mortgage, pledge, or otherwise deal with said properties, as well as the proceeds thereof; to invest and reinvest any funds, or any part thereof, without regard to whether any part of the said estate be real, personal or mixed, and generally without limiting by way of enumeration any thing or act to be done hereunder, to do everything necessary or proper in her sound judgment and discretion for the faithful management, sale, and disposition and handling of the said properties, or the said interest of the said trust estate hereby created. "The trustee shall have the power and authority in her sound discretion to expend and use the income or the corpus or any part of the corpus, of the estate, as she deems it wise to do *363 so, for the maintenance, support, education, health, or comfort of the said beneficiaries, or either of them, to the extent of the interest so vested in them. * * *
"The said trust estate shall cease and determine as to said beneficiaries when the said Alexander Schroeder shall have reached the age of 25 years and when the said Mozelle Schroeder shall have reached the age of 25 years, and at which time the said trust estates then so owned by each of them shall thereupon become fully vested in them to deal with as they, or either of them, may see fit. "In the event of the death of either one of said beneficiaries, then the interest so conveyed out of this grantor shall become fixed and vested in the survivor. It is the intent and purpose of this instrument that the whole title to said 11% shall completely be divested out of her and fully vested in said trustee, so that this grant is irrevocable." The gift was accepted by Nell Schroeder as trustee. Edgar assented to the change of ownership and continued to manage the business as before, accounting for earnings on the basis of 49 per cent to himself; 40 per cent to petitioner; and 11 per cent to Nell as trustee. Gift tax returns *364 were made with respect to this gift. By a later instrument executed February 7, 1945, petitioner sought to clarify her intent and to explain that by 11 per cent she had reference to 11 per cent of the whole and that she intended to retain a 40 per cent interest in the entire business. When the business was incorporated the trust received 11 per cent of the stock. Petitioner resided in a part of Houston not near Edgar and his family. Edgar supported his son, Alexander, and Nell's daughter, Mozelle. Petitioner did not contribute to the support of Edgar or any member of his family. Nell, as trustee, used her own judgment as to the use made of the trust income free from any influence by petitioner. Petitioner, Edgar, and Nell, as trustee, owned and operated the Alexander Schroeder Hardwood Lumber Company as a partnership during 1944, 1945, and the first half of 1946, with interests of 40 per cent, 49 per cent, and 11 per cent, respectively. Opinion The issue is simply whether petitioner is taxable on the income from a percentage of an interest in a business which percentage she gave away. Respondent concedes that there was a partnership between petitioner and her son after 1936. *365 The validity of the conveyance is not attacked. Re spondent questions the transaction because the interest was retained in the family and three taxable entities owned what two had owned before. Respondent asserts that petitioner was attempting to shift a portion of her earnings to others to reduce her taxes for 1944, 1945, and 1946. Petitioner contends that the gift of a part of her interest was complete and effective to divest herself of all ownership of the subject of the gift and of the income attributable thereto. We agree with petitioner. She had never exercised or asserted any control in the conduct of the business. Although owning the majority interest she had left the management to her son. This was as provided in her husband's will. Also, she had no such business experience that she could contribute effectively to the management. She made an absolute transfer of a part of her interest for the benefit of her grandchildren, who were natural objects of her bounty. There were no strings attached to the gift. After the gift, she no longer had a majority interest in the business. She had divested herself of the right of control. If she disagreed with her son over some important *366 matter affecting the business, the trustee holding the remaining interest and having the deciding vote would be free to vote as she saw fit. There is no condition in the trust conveyance that would bind the trustee to vote the interest as petitioner might request. This was not an anticipatory assignment of income; nor a temporary disposition of property producing income. There was no family aspect of control so as to nullify the effect of the gift as in many family partnership cases. The control and disposition of the income from the transferred interest no longer remained in petitioner. Respondent argues that the stated reason for the gift, affection for her grandchildren, is a personal reason and not one pertaining to the business. Granting the premise, and conceding that it would have the effect of reducing petitioner's taxes, it is a transfer within her rights to make. There was no written partnership agreement. Petitioner and her son had accepted the interests and conditions laid down in Alexander Schroeder's will. They were joint owners, rather than partners in the strict sense. After operating for several years some changes were made. Petitioner assented to an increase in *367 her son's salary as manager and later made the gift here in controversy. Nell, as trustee, accepted the trust and the responsibilities that went with it. Edgar Schroeder assented to the transfer and continued as manager with two inactive interest holders instead of one. His wife was familiar with the business, had worked as an employee in it since before their marriage, and undoubtedly was able to contribute services more valuable to the business than any petitioner could have contributed. See (C.A. 3, 1951). A trust may own an interest in a joint venture within the scope of the term "partnership" as used in the . Petitioner, her son, and her daughter-in-law, as trustee for her children, had the business purpose and intent to carry on the business as partners as prescribed in . Since part of the deficiencies is not in controversy, Decision will be entered under Rule 50.